747 A.2d 647

PRINCE GEORGE'S COUNTY, Maryland

v.

BERETTA U.S.A. CORP.

No. 110, Sept. Term, 1998.

Court of Appeals of Maryland.

March 9, 2000.

Shalisha Hines Ivy, Associate County Atty. (Barbara L. Holtz, Acting County Atty., on brief), Upper Marlboro, for petitioner.

Jerrold A. Thrope (Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC, on brief), Baltimore, for respondent.

Dwight H. Sullivan, Counsel, ACLU of Maryland/ACLU of the Nat. Capital Area, Arthur B. Spitzer, Co-Counsel, ACLU of the Nat. Capital Area, Glendora C. Hughes, General Counsel and Lee D. Hoshall, Asst. Gen. Counsel, Maryland Com'n on Human Relations, amicus curiae for petitioner.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL and ROBERT L. KARWACKI (Retired, Specially Assigned), JJ.

ELDRIDGE, Judge.

This case presents important questions concerning a charter county's authority to enact a statute which provides that a county administrative agency, upon a finding of employment discrimination, may, in addition to other relief, award money damages "for humiliation and embarrassment" up to $100,-000.00. Unfortunately, we shall not be able to reach those issues because the judgment of the Circuit Court for Prince George's County in this case was not appealable.

I.

Sections 2–185 through 2–231.01 of the Prince George's County Code (1995, 1998 Supp.) prohibit various types of discrimination in Prince George's County, including discrimination in employment. Those sections establish and provide for a Human Relations Commission to enforce the anti-discrimination laws, state that the Commission shall have 13 members, authorize the Commission, *inter alia,* to have hearing panels consisting of three members which render the initial decisions, and provide that final decisions of the Commission concluding that a respondent has engaged in prohibited discrimination must be supported "by a majority vote of the full Commission" (§ 2–195(a)).

The Prince George's County Human Relations Commission is authorized to order various types of relief upon a finding of prohibited discrimination, including "cease and desist" orders (§ 2–195(a)), the award of back pay in employment discrimination cases (§ 2–195(b)), "reimbursement of actual expenses to the complainant" (*ibid.*), damages for injury to the complainant's personal property (§ 2–195.01(a)(1)), and compensation for travel expenses incurred by the complainant (§ 2–195.01(a)(2)). Furthermore, § 2–195.01(a)(3) of the Prince George's County Code states as follows:

"(3) Damages may also be awarded to compensate complainant for humiliation and embarrassment suffered in an amount determined by the Commission panel to be appropriately and reasonably warranted considering all of the circumstances, but in no event shall the amount be in excess of One Hundred Thousand Dollars ($100,000.00)."

In addition, § 2–195.01(b), which was enacted in 1998 after the commencement of the case at bar, provides:

"(b) In addition to other awards and relief set forth above, the Commission may impose a civil fine up to Five Thousand Dollars ($5,000), in accordance with the standards of proof set forth in Section 2–195 [involving cease and desist orders], on a respondent found to have violated the provisions of Subdivisions 6 [discrimination in places of

public accommodations] and 7 [discrimination in employment]."

Finally, § 2-197(c) of the Prince George's County Code provides that "[a]ny party aggrieved by a final decision by the Commission is entitled to file an appeal pursuant to Subtitle B of the Maryland Rules of Procedure." Former Subtitle B of the Maryland Rules of Procedure related to judicial review by the circuit courts of adjudicatory administrative decisions, and referred to such actions in the circuit court as "appeals." In 1993, former Subtitle B was replaced by Rules 7–201 through 7–209 which properly referred to such actions in a circuit court as "actions for judicial review" (Rule 7–201(a)). For discussions of the rules changes, and the nature of these actions, *see Kim v. Comptroller,* 350 Md. 527, 534–536, 714 A.2d 176, 179–180 (1998); *Driggs Corp. v. Md. Aviation,* 348 Md. 389, 398–399, 704 A.2d 433, 438–439 (1998); *Colao v. County Council,* 346 Md. 342, 359–363, 697 A.2d 96, 104–106 (1997); *Gisriel v. Ocean City Elections Board,* 345 Md. 477, 490–496, 693 A.2d 757, 764–767 (1997), *cert. denied,* 522 U.S. 1053, 118 S.Ct. 702, 139 L.Ed.2d 645 (1998).

Neither § 2-197(c) nor any other provision of law expressly authorizes an appeal to the Court of Special Appeals from a circuit court judgment reviewing a decision by the Prince George's County Human Relations Commission.

## II.

Beretta U.S.A. Corp. manufactures firearms at a plant in Accokeek, in Prince George's County, Maryland. Peter Santos had been an employee at the Beretta plant.

In December 1991, Santos filed with the Prince George's County Human Relations Commission a complaint against Beretta, alleging employment discrimination by his immediate supervisor based on Santos's race and origin (Puerto Rican). Thereafter, Santos and Beretta reached a settlement agreement which was approved by the Commission on February 24, 1992. About two months later, on April 29, 1992, Beretta terminated Santos as an employee.

On the same day his employment was terminated, Santos filed another complaint with the Prince George's County Human Relations Commission, alleging that he was discharged in retaliation for filing the earlier complaint. In response, Beretta claimed that Santos was discharged because of poor job performance and because he disrupted other employees, causing "a lot of downtime."

Following a Commission investigation and an unsuccessful attempt to conciliate the dispute, seven days of hearings were held from October 1994 to February 1996. The first five days of hearings were held before the same three-member panel of commissioners on the following dates: October 5, 1994; December 9, 1994; December 10, 1994; February 6, 1995; and February 7, 1995. Because of "budgetary restraints," the hearings did not resume until December 1995, when two of the panel members were no longer commissioners, and two new panel members were substituted for them. The last two days of hearings, before the panel with two new members, took place on December 19, 1995, and February 5, 1996. When the two new panel members were substituted at the December 19, 1995, hearing, Beretta was asked whether it objected to the substitution, and Beretta had no objection at that time. At the hearings Beretta did present a factual defense, and also challenged, on several grounds, the validity of the Prince George's County Code provision authorizing the Commission to award damages for "humiliation and embarrassment."

The Commission rendered a final decision in October 1996 which rejected Beretta's arguments, upheld Santos's charge of retaliation discrimination, found that Santos's discharge "was a direct retaliation for the claim of discrimination filed by [Santos] in December 1991," and found that Santos suffered a loss of wages, humiliation and embarrassment. The Commission awarded Santos $37,690.80 for lost wages and $20,000.00 for humiliation and embarrassment.

Beretta, pursuant to § 2–197(c) of the Prince George's County Code, filed in the Circuit Court for Prince George's County the present action for judicial review of the Commis-

sion's decision. Beretta asserted that the Commission's finding of retaliation discrimination was not supported by substantial evidence, that Santos had failed to introduce sufficient evidence in support of the award of back pay, that the Commission did not adequately explain its calculation of back pay damages, and that the award of damages for humiliation and embarrassment was unsupported by substantial evidence. Beretta also complained in the Circuit Court that the substitution of two new panel members, who had not heard the evidence adduced during the first five days of hearings, violated the Commission's rules. Commission Rule 12 requires that the three-member panel which heard the evidence must also render the initial decision. Finally, Beretta reiterated its arguments that § 2–195.01(a)(3) of the Prince George's County Code, authorizing "humiliation and embarrassment" damages, was invalid on several grounds.

After receiving memoranda from both sides, the Circuit Court rendered an extensive opinion rejecting Beretta's contentions. The court issued an order affirming the decision of the Prince George's County Human Relations Commission.

Beretta took an appeal to the Court of Special Appeals, raising essentially the same issues which it raised in the Circuit Court. In addition, at oral argument before the Court of Special Appeals, the court sua sponte raised the question of whether the Circuit Court's judgment was appealable in light of Maryland Code (1974, 1998 Repl.Vol.), § 12–302(a) of the Courts and Judicial Proceedings Article. That provision, *inter alia*, states that, unless a right to appeal is expressly granted by law, the general appeals statute (§ 12–301 of the Courts and Judicial Proceedings Article) does not permit an appeal from a circuit court judgment reviewing the decision of an administrative agency. The Court of Special Appeals, in a reported opinion, held that Beretta was entitled to appeal with regard to certain issues, namely the validity of § 2–195.01(a)(3) of the Prince George's County Code and whether the Commission violated its own rule by substituting two panel members for two former members, but that the issues concerning the sufficiency of evidence were not cognizable on

appeal. *Beretta USA v. Santos,* 122 Md.App. 168, 712 A.2d 69 (1998).

The Court of Special Appeals went on to hold that § 2–195.01(a)(3), authorizing damages for "humiliation and embarrassment," was invalid on two alternative grounds. The appellate court first held that the Prince George's County enactment was invalid because it conflicted with Code (1957, 1998 Repl.Vol.), Art. 49B, § 11(e), a public general law enacted by the General Assembly. The Court of Special Appeals alternatively held that § 2–195.01(a)(3) was not a "local law" within the meaning of Article XI–A, § 3, of the Maryland Constitution and this Court's opinions in *McCrory Corp. v. Fowler,* 319 Md. 12, 570 A.2d 834 (1990), and *County Council v. Investors Funding,* 270 Md. 403, 312 A.2d 225 (1973); therefore, according to the appellate court, the Prince George's County Council was not constitutionally authorized to enact the provision. Lastly, the Court of Special Appeals held that the Prince George's County Human Relations Commission violated its own rule by substituting panel members, and that, consequently, the award of back pay must be reversed and a new administrative hearing held regarding back pay damages. The Court of Special Appeals reversed the judgment of the Circuit Court and ordered that the case be remanded to the Commission for further proceedings.

Each side filed petitions for a writ of certiorari which this Court granted. *Prince George's County v. Beretta,* 351 Md. 285, 718 A.2d 233 (1998). The questions presented in the petitions and in this Court's order granting certiorari were as follows:

"I. Does the Court of Special Appeals have jurisdiction to entertain an appeal from the decision of an administrative agency in the absence of statutory authority?

II. Does Prince George's County Code Section 2–195 conflict with the public general law of the State of Maryland concerning permissible remedies for employment discrimination?

III. Whether Section 2–195.01(a)(3) of the Prince George's County Code is a 'local law' under Article XI–A of the Maryland Constitution and the principles set forth in *McCrory Corp. v. Fowler,* 319 Md. 12, 570 A.2d 834 (1990).

IV. Is the provision of the Prince George's County Code that gives the Prince George's County Human Relations Commission . . . unbridled discretion to award up to $100,000 in damages for humiliation and embarrassment an impermissible delegation of judicial power and/or a violation of Beretta's due process rights?"

As previously indicated, we shall hold that the issue reflected in the first question is dispositive and that the Court of Special Appeals had no jurisdiction to entertain this appeal. Accordingly we shall not reach, and the Court of Special Appeals should not have reached, the remaining questions.

### III.

 Although at an early period the common law recognized the availability of writs of error under some circumstances, questions of appealability have today become entirely governed by statutes.[1] Recently in *Gisriel v. Ocean City Elections Board, supra,* 345 Md. at 485, 693 A.2d at 761, this Court summarized Maryland law concerning the appealability of judgments as follows:

"It is an often stated principle of Maryland law that appellate jurisdiction, except as constitutionally authorized, is determined entirely by statute, and that, therefore, a right of appeal must be legislatively granted. *See, e.g., Maryland–Nat'l v. Smith,* 333 Md. 3, 7, 633 A.2d 855, 857 (1993) (' "The right to take an appeal is entirely statutory, and no person or agency may prosecute an appeal unless the right is given by statute," ' quoting *Subsequent Injury Fund v. Pack,* 250 Md. 306, 309, 242 A.2d 506 (1968)); *Howard County v. JJM, Inc.,* 301 Md. 256, 261, 482 A.2d

---

1. *See* Chancellor Bland's discussion of the early history of appeals in *Ringgold's Case,* 1 Bland 5, 7–24 (High Court of Chancery 1824).

908, 910 (1984); *State v. Bailey*, 289 Md. 143, 147, 422 A.2d 1021, 1024 (1980); *Estep v. Estep*, 285 Md. 416, 422, 404 A.2d 1040, 1043 (1979); *Smith v. Taylor*, 285 Md. 143, 146, 400 A.2d 1130, 1132 (1979); *Criminal Inj. Comp. Bd. v. Gould*, 273 Md. 486, 500, 331 A.2d 55, 64 (1975). Consequently, resolution of the [appellate] jurisdictional issue depends upon an examination of the relevant provisions of the Maryland Code and of [the pertinent local] legislative enactments."

Therefore, unless the right to appeal from the Circuit Court to the Court of Special Appeals in this type of case was authorized by state statute or local law, the Court of Special Appeals had no jurisdiction to entertain Beretta's appeal.

As earlier discussed, § 2–197(c) of the Prince George's County Code authorized an "appeal" (or, to use more appropriate terminology, an action for judicial review) from the Prince George's County Human Relations Commission to the Circuit Court for Prince George's County. There is no provision of Prince George's County law, however, authorizing in this type of case an appeal from the Circuit Court to the Court of Special Appeals.

Turning to state law, the Maryland General Assembly, from the earliest days to the present, has regularly enacted broad general statutes authorizing appeals.[2] The present general appeals statute is § 12–301 of the Courts and Judicial Proceedings Article, first enacted in 1973 and effective January 1, 1974, which provides as follows:

---

**2.** Two of several enactments by the General Assembly on September 13, 1642, provided for appeals. One, *inter alia*, provided for an appeal from the County Court (presumably either of St. Mary's or Kent counties) to the Provincial Court, and the other provided for appeals "from any inferior Court" to a "Superior Court" provided that the lower court had rendered judgment and "sufficient security" had been given. The latter statute also provided that, "if the Superior Court find no cause of appeal, they may fine the appellant, and adjudge double damages to the party grieved." *See* 1 Archives of Maryland, Proceedings and Acts of the General Assembly of Maryland, January 1637/8— September 1664, at pp. 182–184 (Maryland Historical Society, Baltimore, 1883).

" § 12–301. Right of appeal from final judgments— Generally.

"Except as provided in § 12–302 of this subtitle, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended. In a civil case, a plaintiff who has accepted a remittitur may cross-appeal from the final judgment."

Section 12–302(a) of the Courts and Judicial Proceedings Article, however, creates an exception to this broad right of appeal as follows:

" § 12–302. Same—Exceptions.

"(a) Unless a right to appeal is expressly granted by law, § 12–301 does not permit an appeal from a final judgment of a court entered or made in the exercise of appellate jurisdiction in reviewing the decision of the District Court, an administrative agency, or a local legislative body."

Although in a technical or constitutional sense, a circuit court never exercises "appellate jurisdiction" when "reviewing the decision of . . . an administrative agency, or a local legislative body," we have held that the above-quoted language refers to an original circuit court action, authorized by statute, judicially reviewing an adjudicatory decision of an administrative agency or an adjudicatory decision of a local legislative body when it acts in a quasi-judicial capacity. *Gisriel v. Ocean City Elections Board, supra,* 345 Md. at 486–496, 693 A.2d at 762–767, and cases there discussed.

The Circuit Court in this case, pursuant to a locally enacted statute, was engaged in ordinary judicial review of a final adjudicatory decision by an administrative agency. The court applied the normal criteria applicable under Maryland law for judicial review of adjudicatory administrative decisions and

affirmed the agency's decision.[3] Since no state or local statute or charter provision expressly granted a right of appeal from the Circuit Court's judgment, § 12–302(a) would clearly seem to preclude an appeal to the Court of Special Appeals.

In holding that it had appellate jurisdiction to consider some issues, the Court of Special Appeals reasoned that Beretta could have brought a declaratory judgment action to challenge the validity of § 2–195.01(a)(3) of the Prince George's County Code. As to the Commission's alleged failure to follow its own rule, the intermediate appellate court stated that its assumption of appellate jurisdiction "is grounded on our view of this issue as substantively analogous to a mandamus action or a declaratory action for violation of Beretta's

---

3. *Cf.* the judicial review criteria set forth in the Maryland Administrative Procedure Act, Code (1984, 1999 Repl.Vol.), § 10–222(h) of the State Government Article, which provides as follows:

"(h) *Decision.*—In a proceeding under this section, the court may:

(1) remand the case for further proceedings;

(2) affirm the final decision; or

(3) reverse or modify the decision if any substantial right of the petitioner may have been prejudiced because a finding, conclusion, or decision:

(i) is unconstitutional;

(ii) exceeds the statutory authority or jurisdiction of the final decision maker;

(iii) results from an unlawful procedure;

(iv) is affected by any other error of law;

(v) is unsupported by competent, material, and substantial evidence in light of the entire record as submitted; or

(vi) is arbitrary or capricious."

Although the state Administrative Procedure Act is not directly applicable to the Prince George's County Human Relations Commission because the Commission is not a state agency, we have taken the position that essentially the same criteria set forth above govern all judicial review of adjudicatory administrative proceedings. *See, e.g., Bucktail, LLC v. County Council of Talbot County*, 352 Md. 530, 542–552, 723 A.2d 440, 445–450 (1999); *State v. Board of Education*, 346 Md. 633, 641–647, 697 A.2d 1334, 1338–1341 (1997); *Gisriel v. Ocean City Elections Board*, 345 Md. 477, 498, 693 A.2d 757, 768 (1997), *cert. denied*, 522 U.S. 1053, 118 S.Ct. 702, 139 L.Ed.2d 645 (1998); *Medical Waste v. Maryland Waste*, 327 Md. 596, 610–611, 612 A.2d 241, 248 (1992); *Silverman v. Maryland Deposit*, 317 Md. 306, 324–325, 563 A.2d 402, 411–412 (1989), and cases there cited.

due process rights." *Beretta USA v. Santos, supra,* 122
Md.App. at 182, 712 A.2d at 76.

The Court of Special Appeals seemed to take the position
that, if Beretta could have litigated an issue in any type of
lawsuit between the parties other than an action for judicial
review, such as a declaratory judgment action, then, as to such
issue, the present case in substance should be treated as a
declaratory judgment action and not a judicial review proceed-
ing within the meaning of § 12–302(a) of the Courts and
Judicial Proceedings Article. Under the Court of Special
Appeals' view, the only issue in a judicial review action, as to
which § 12–302(a) would preclude appellate review, would be
the contention that the agency's findings of fact are not
supported by substantial evidence. As support for its conclu-
sion, the Court of Special Appeals relied upon this Court's
opinion in *Gisriel v. Ocean City Elections Board, supra,* 345
Md. 477, 693 A.2d 757.

The Court of Special Appeals' position is not supported by
the *Gisriel* opinion and is inconsistent with numerous deci-
sions by this Court. Section 12–302(a) does not relate to what
issues may be considered on appeal and what issues may not
be considered. Rather, the language of the statute, and the
case law on which the statute was based, preclude any appeal
to the Court of Special Appeals in a particular type of case.

This Court in *Gisriel* discussed in detail the history of § 12–
302(a). That section, first enacted in 1973, is a partial legisla-
tive embodiment of a nineteenth century judicially-created
exception to the general appeals statutes. The *Gisriel* opinion
explained the origin of this exception as follows (345 Md. at
487–488, 693 A.2d at 762):

"The first general appeals statute enacted by the General
Assembly after the Revolution was Ch. 87 of the Acts of
1785, § 6, which granted the 'full power and right to appeal'
to any party or parties aggrieved by any judgment or
determination of any county court in any civil suit or action,
or any prosecution. . . . ' Despite the broad language of the
1785 statute, as well as subsequent broadly worded general

appeals statutes, this Court construed the 1785 statute, and its successor statutes, to be inapplicable in a case where a county court, or later a circuit court, exercised a special limited statutory jurisdiction rather than its ordinary common law-type jurisdiction, and acted within that special limited statutory jurisdiction. When a county court or a circuit court was exercising a special limited statutory jurisdiction, and not a common law-type of jurisdiction, this Court regularly held that the general appeals statutes did not authorize an appeal, and that an appeal could be taken only if authorized by a specific statute relating to the particular type of statutory jurisdiction being exercised. *See Wil. & Susq. R.R. Co. v. Condon,* 8 G. & J. 443, 448, 449 (1837), where the principle was initially adopted and discussed. This rule of construction was subsequently applied by this Court in a variety of contexts, including judgments of county courts or circuit courts reviewing decisions by justices of the peace, *Herzberg v. Adams,* 39 Md. 309, 312 (1874); *Hough v. Kelsey & Gray,* 19 Md. 451, 455–456 (1863); *State v. Mister,* 5 Md. 11, 15 (1853); *Crockett v. Parke,* 7 Gill. 237, 240 (1848); judgments of the Baltimore City Court reviewing judgments of People's Court of Baltimore City, *Montgomery Ward v. Herrmann,* 190 Md. 405, 408–411, 58 A.2d 677, 678–680 (1948); judgments of county and circuit courts reviewing decisions of local government officials, *Co. Commrs. Harford Co. v. Jay,* 122 Md. 324, 327, 89 A. 715, 717 (1914); *Stephens v. M. & C. of Crisfield,* 122 Md. 190, 192–193, 89 A. 429, 429–430 (1914); *Webster v. Cockey,* 9 Gill. 92, 93–95 (1850); circuit court judgments reviewing certain decisions of orphans' courts, *Lammott v. Maulsby,* 8 Md. 5, 8–9 (1855); and circuit court judgments in actions for judicial review of administrative agency decisions, *Simpler v. State, Use of Boyd,* 223 Md. 456, 460–461, 165 A.2d 464, 466 (1960); *Johnson v. Board of Zoning Appeals,* 196 Md. 400, 406–407, 76 A.2d 736, 738 (1950). *See also Sugar v. North Balto. M.E. Church,* 164 Md. 487, 498–500, 165 A. 703, 707–708 (1933) (collecting several other types of circuit court decisions rendered pursuant to special

statutory jurisdiction); *Savage Man. Co. v. Owings*, 3 Gill.
497, 498–499 (1846)."

We went on in *Gisriel* to point out that, in more recent times,
this court-created doctrine had been most frequently applied
to preclude appeals from circuit court judgments reviewing
decisions of administrative agencies, and we discussed many
such cases. The Court in *Gisriel* then continued as follows
(345 Md. at 488–489, 693 A.2d at 763):

"In 1973, the General Assembly recodified the appeals
statutes in its enactment of the Courts and Judicial Pro-
ceedings Article of the Code, which became effective on
January 1, 1974. With its enactment of § 12–301, the
Legislature retained the broad, general grant of the right to
appeal. In addition, § 12–301 partially abrogated the
above-discussed rule by expressly stating that the right of
appeal existed 'from a final judgment by a court in the
exercise of original, special, limited, statutory jurisdiction'
unless expressly denied by law. Thus the Legislature abol-
ished a large part of the doctrine disallowing appeals from
circuit court judgments entered pursuant to the exercise of
special limited statutory jurisdiction.

"The Legislature, however, expressly retained a portion
of the doctrine by its enactment of § 12–302(a), which
makes § 12–301 inapplicable to appeals from final judg-
ments of circuit courts reviewing decisions of the District
Court, administrative agencies, or local legislative bodies.
Nevertheless, judgments of the circuit courts reviewing
decisions of the District Court are generally subject to
further discretionary appellate review by petitions for writs
of certiorari filed in the Court of Appeals. *See* §§ 12–305
and 12–307(2) of the Courts and Judicial Proceedings Arti-
cle. Moreover, appeals to the Court of Special Appeals
from judgments of the circuit courts reviewing decisions of
most *state* administrative agencies are generally authorized
by the Maryland Administrative Procedure Act, Code (1984,
1995 Repl.Vol.), § 10–223(b) of the State Government Arti-
cle. Consequently, the viability of the non-appealability
principle adopted in *Wil. & Susq. R.R. Co. v. Condon*,

*supra,* 8 G. & J. at 448–449, and partially embodied in § 12–302(a) of the Courts and Judicial Proceedings Article, is today largely limited to circuit court judgments in cases involving statutory judicial review of adjudicatory or quasi-judicial decisions by *local* government administrative agencies. . . ."

■ The cases involving the non-appealability doctrine discussed in *Gisriel* disclose that, as long as a circuit court is acting within its special statutory jurisdiction, the limitation upon the right to appeal is applicable regardless of the issues being raised. Except for a question of jurisdiction, the doctrine is a limitation upon the right to appeal and not upon the issues cognizable on appeal. Appeals have been precluded in cases involving legal issues, constitutional issues, issues concerning procedural irregularity, and issues about the lawful composition of an administrative agency. Thus, in a case involving circuit court judicial review of a local administrative agency, this Court, in dismissing the appeal, stated (*Johnson v. Board of Zoning Appeals,* 196 Md. 400, 412, 76 A.2d 736, 741 (1950)):

"The question here is: Were the things complained of and decided by the Court below things which the Court had jurisdiction to decide? If the Court had the power to decide what it did decide, then its decision, whether right or wrong in point of law or fact, cannot be reviewed, because the power to review such a judgment has not been conferred by the Legislature upon the Court of Appeals. *New York Mining Co. v. Midland Mining Co.,* 99 Md. 506, 512, 58 A. 217[(1904)]; *Hendrick v. State,* 115 Md. 552, 560, 81 A. 18."

In numerous decisions, this Court has applied the doctrine and refused to entertain appeals in cases presenting constitutional issues and questions concerning the validity of statutory provisions. *See, e.g., Sugar v. North Baltimore Methodist Protestant Church,* 164 Md. 487, 165 A. 703 (1933); *Hendrick v. State,* 115 Md. 552, 81 A. 18 (1911); *Dolfield v. Western Md. R. Co.,* 107 Md. 584, 590, 596–599, 69 A. 582, 583, 585–586 (1908); *Judefind v. State,* 78 Md. 510, 512–513, 28 A. 405, 406

(1894). As Judge Alvey for the Court explained in *Rayner v. State*, 52 Md. 368, 375–376 (1879),

"whatever may be thought of the particular provisions of the statute supposed to be obnoxious to constitutional objections, and if the objections were conceded to be well taken, it does not follow ... that the Circuit Court would not have power and jurisdiction to hear and decide the case. It is true, the Circuit Court in hearing and adjudicating upon the [matter] was not in the exercise of its ordinary common law jurisdiction, but was acting as a Court of special limited jurisdiction, bound to observe and conform to the provisions of the statute, if, in its judgment, the statute was valid. Its judgment, however, rendered within the limits of the special jurisdiction conferred, is not only binding, but is final. This Court has no power to review it, and consequently the assignment of errors must be dismissed."

Consequently, Beretta's challenge to the validity of § 2–195.01(a)(3) of the Prince George's County Code does not remove the case from the non-appealability doctrine embodied in § 12–302(a) of the Courts and Judicial Proceedings Article.

Beretta's belated complaint about the composition of the Human Relations Commission panel, and the substitution of the new panel members for the last two hearing days, similarly furnishes no basis for an exception to the non-appealability doctrine. *Bd. of Med. Examiners v. Steward*, 203 Md. 574, 102 A.2d 248 (1954), was an action for judicial review of an adjudicatory administrative proceeding and decision revoking a physician's license to practice medicine. During the course of the administrative proceeding, one of the agency members hearing the case was granted a leave of absence, and a new member of the agency was substituted in his place. The agency revoked Dr. Steward's license, and, in the judicial review proceeding, Dr. Steward's argument was that the substitution was improper, that the statute was violated, and that the agency was not validly constituted. This Court, in dismissing the appeal from the circuit court's judgment reviewing the agency's decision, stated (203 Md. at 580–581, 102 A.2d at 251):

"It is necessary to dismiss the Board's appeal from that order, as the statute gives no right of appeal from the Circuit Court to the Court of Appeals. It is a well settled rule that the Court of Appeals cannot entertain an appeal from any order or judgment of the Circuit Court sitting as an appellate tribunal under special statutory authority where no right of appeal is expressly given, except in cases where the Court exceeded its jurisdiction. * * *

As the Court stated in *Johnson v. Board of Zoning Appeals of Baltimore County*, 196 Md. 400, 412, 76 A.2d 736, if there is no right of appeal from the Circuit Court to the Court of Appeals, and if the Circuit Court had the power to decide what it did decide, then its decision, whether right or wrong in point of law or fact, cannot be reviewed, because the Court of Appeals has not been given the power to review such a judgment."

There is also no exception to the non-appealability doctrine embodied in § 12–302(a) for issues which could have been litigated in some alternative judicial proceeding. Even if we assume, *arguendo*, that Beretta could have brought a declaratory judgment action challenging the validity of § 2–195.01(a)(3) of the Prince George's County Code instead of litigating the issue in an administrative proceeding and judicial review action, the availability of such alternative judicial action would not authorize the Court of Special Appeals to entertain the appeal. *See, e.g., Urbana Civic v. Urbana Mobile*, 260 Md. 458, 462–463, 272 A.2d 628, 631 (1971); *Hendrick v. State, supra*, 115 Md. at 561–563, 81 A. at 21–22; *Judefind v. State, supra*, 78 Md. at 512–513, 28 A. at 406; *Rayner v. State, supra*, 52 Md. at 376–377.

Finally, *Gisriel v. Ocean City Elections Board, supra*, 345 Md. 477, 693 A.2d 757, is neither inconsistent with the above-cited cases nor furnishes any support for the Court of Special Appeals' decision in the present case. It is true that this Court in *Gisriel* did hold that the circuit court's order was appealable and that § 12–302(a) was inapplicable. The basis for this holding, however, was not that the issue could have been resolved in an alternative judicial proceeding such as a

declaratory judgment action or mandamus action, and, for this reason, the judicial review proceeding should in substance be viewed as a declaratory judgment or mandamus action. Instead, we held in *Gisriel* that the circuit court "action was not a statutory judicial review action" but "was a traditional common law mandamus action, and the circuit court's judgment in substance resembled the type of order rendered in a mandamus proceeding." 345 Md. at 496–497, 693 A.2d at 767. The present action, however, was a typical statutory judicial review action. Accordingly, § 12–302(a) of the Courts and Judicial Proceedings Article precluded an appeal.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO DISMISS THE APPEAL. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY BERETTA U.S.A. CORP.*