774 A.2d 1229

**Chander KANT, et ux.**

v.

**MONTGOMERY COUNTY, Maryland.**

**No. 1560, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

June 29, 2001.

**158**

Chander Kant and Ashima Kant, Short Hills, NJ, for appellants.

Charles W. Thompson, Jr., County Atty. and Linda B. Thall, Chief Counsel, Rockville, for appellee.

Submitted before ADKINS, KRAUSER and WILLIAM W. WENNER (Retired, specially assigned), JJ.

KRAUSER, Judge.

Appellants, Chander and Ashima Kant, appeal from a judgment of the Circuit Court for Montgomery County, affirming a decision of the Montgomery County Commission on Landlord Tenant Affairs ("Commission"), an agency of appellee, Montgomery County. This appeal was a companion case of *Kant v. Montgomery County*, No. 2122, September Term, 1999, filed January 23, 2001. Both cases involve the same appellant landlords, the Kants, but different tenants. The cases were

heard together by the Commission and the circuit court but, on appeal, they were heard by different panels of this Court.

When the first case (No. 2122) was heard by this Court, the issue of subject matter jurisdiction was not raised by either party. After reviewing the merits of that appeal, we affirmed the judgment of the circuit court. In this case, however, although that issue was once again not raised, we addressed it *sua sponte.*

In an unreported opinion, filed on April 27, 2001, we determined that this Court lacked jurisdiction to hear such appeals. Following that decision, we received a request from appellee to reconsider the issue of jurisdiction in light of certain provisions of the local Administrative Procedures Act, Chapter 2A of the Montgomery County Code (1994), apparently on the assumption that we had not previously considered those provisions in rendering our decision. We have decided to use the opportunity created by that request to give a fuller explanation of our decision in a reported opinion of this Court.

This case involves a landlord-tenant dispute that arose out of a lease agreement between appellants and their tenant, Barbara Wetherell. Pursuant to that lease, Wetherell rented from appellants a single-family home from May 15, 1997 through May 31, 1998. Upon moving into her new residence, Wetherell noticed defects in the property. Among them were a leaking kitchen faucet, a malfunctioning dryer and hot water heater, and a fence containing rotten wood and rusty protruding wires. She reported these defects and others to appellants and requested that they make the necessary repairs. After correcting some of the deficiencies, appellants sent Wetherell a notice to quit and vacate the premises.

In response, Wetherell filed a complaint with the Office of Landlord–Tenant Affairs of the Department of Housing and Community Development ("Department"), citing the defects in the property and claiming that appellants' termination of her lease was in retaliation for her complaints. After determining that the case could not be conciliated, the Department referred the matter to the Commission. A public hearing was

scheduled for February 24, 1998, whereupon appellants requested a continuance. That request was granted, and the hearing was rescheduled for May 12, 1998. On that date, appellants again requested a continuance but that request was denied as untimely. Although appellants failed to attend the hearing, the Commission heard testimony from Wetherell, her neighbor, a former tenant of appellants, and three inspectors from the Department.

In a nineteen page opinion issued after the hearing, the Commission found that appellants had delivered a defective tenancy to Ms. Wetherell, failed to correct the deficiencies during her tenancy, and retaliated against her when she requested repairs by sending her a notice to quit and vacate; all of which were in violation of Chapter 29, Landlord Tenant Relations, of the Montgomery County Code. It then concluded that appellants' failure to make the necessary repairs prevented Ms. Wetherell from using the faulty appliances and "reduc[ed] the value of the leasehold for which [she] was paying rent by 15%." It further determined that appellants had breached the lease and that the lease agreement was terminated. It then ordered appellants to refund Ms. Wetherell her entire security deposit, plus interest, and pay her $4,502.00 (representing a 15% refund of the reduced value of her leasehold during the defective tenancy, $1,000.00 in attorney's fees, and $982.00 in relocation costs).

The Commission also found that appellants had engaged in a pattern of retaliatory practices against their tenants and ordered them to refrain from issuing notices to quit and vacate in response to tenant repair requests, to "submit to the Department for review and approval [for two years] ... all lease agreements, notices to vacate and security deposit dispositions for any and all rental facilities they own, operate or manage in Montgomery County," and to repair any housing code violations when requested to do so by the Department.

Dissatisfied with the Commission's ruling, appellants filed a petition for judicial review in the Circuit Court for Montgomery County. Montgomery County then moved to intervene,

and the circuit court granted that motion. The circuit court then held a hearing on June 25, 1999, and thereafter issued an opinion on July 20, 1999, affirming the decision of the Commission.

On appeal, the Kants present thirteen questions for our review, which we have set forth below as they appear in their brief:

1.  Whether the lower court erred in denying the Request for Default.

2.  Whether the County's Motion to Intervene was untimely and prejudicial.

3.  Whether the County should have been ordered to amend and correct its Response and whether an intervening party can file a Motion to Strike.

4.  Whether the Striking of Appellants' Memorandum with Exhibits was improper considering that identical exhibits and an almost identical pleading were admitted as Motion for Stay.

5.  Did the Department and the Commission treat the Appellants fairly?

6.  Whether the Commission's denial of continuance did substantial injustice to Appellants?

7.  Whether the Complainant was encouraged and instigated to act against Appellants by the Department?

8.  What should be the standard of review of a decision by an agency arrived at without hearing one of the parties?

9.  Was the Commission's award of damages to the Complainant justified by the evidence and permitted by the county code?

10. Do the Commission's other orders against the Appellants violate their rights?

11. Whether conscious or unconscious bias by the Complainant, Department, and the Commission against Appellants tainted [the] Commission's decisions?

12. Whether Montgomery County Code, Chapter 29, and the way it is implemented give excessive powers to a single investigator and replaces "Rule of Law" by "Rule of Man"?

13. Is the Montgomery County code governing landlord-tenant relations against the Maryland and U.S. constitutions?

Because we find, for the reasons set forth below, that this Court lacks jurisdiction to hear this appeal, we shall not reach any of the foregoing issues, even those of constitutional dimensions. *See Prince George's County v. Beretta U.S.A. Corp.*, 358 Md. 166, 180, 747 A.2d 647 (2000). ("[T]he limitation upon the right to appeal is applicable regardless of the issues being raised."). Instead, we shall dismiss this appeal for lack of jurisdiction.

## DISCUSSION

■ " 'It is an often stated principle of Maryland law that appellate jurisdiction, except as constitutionally authorized, is determined entirely by statute, and that, therefore, a right of appeal must be legislatively granted.' " *Id.* at 173, 747 A.2d 647 (quoting *Gisriel v. Ocean City Board of Supervisors of Elections*, 345 Md. 477, 485, 693 A.2d 757 (1997)). "Consequently, resolution of the jurisdictional issue depends upon an examination of the relevant provisions of the Maryland Code and of [local] legislative enactments." *Gisriel*, 345 Md. at 485, 693 A.2d 757.

■ We therefore look to the applicable provisions of state and local law to determine whether we have jurisdiction to hear this appeal. Section 12–302(a) of the Courts and Judicial Proceedings Article of the Maryland Code Annotated (1974, 1998 Repl.Vol.), provides that this Court cannot review "a final judgment of a court entered or made in the exercise of appellate jurisdiction in reviewing the decision of ... an administrative agency ... [u]nless a right to appeal is expressly granted by law." *See also Beretta*, 358 Md. at 175, 747 A.2d 647; *Gisriel*, 345 Md. at 486–88, 693 A.2d 757. In other

words, unless a right to appeal from the circuit court to this Court is expressly granted by law in this matter, we have no jurisdiction to entertain this appeal.

To determine the existence of such a right, we first turn to the chapter of the Montgomery County Code, which deals directly with landlord and tenant matters—Chapter 29. In that chapter, there are four sections governing appellate review of Commission cases, but only two are relevant to appeals of this nature: §§ 29–14A(d) and 29–45.[1]

Before examining the text of those two sections, however, we observe that of the four sections, only one, § 29–64, which pertains to rent increases, provides a right of appeal to this Court. Because that section was recently repealed, *see* 2000 L.M.C., ch. 32, § 1, Chapter 29 no longer contains any such right even in the narrow circumstances of a rent increase.

We now turn to § 29–14A(d) of the County Code, one of the two sections relevant to this appeal. That section, which generally governs appeals from the Commission, provides:

Decisions of a commission panel shall be final and appealable to the circuit court in accordance with the procedures applicable to decisions of the full commission.

Thus, § 29–14A(d) plainly contains no right of appeal to this Court. By failing to grant such a right, that section restricts judicial review of a decision of the Commission to the circuit court. Lest any doubt remains, we further note that, although recently rephrased and renumbered[2] by amendment, § 29–14A(d)(now § 29–14(d)) was not altered to extend the right of appeal beyond the circuit court. It now states, as it did

---

1. The other two provisions in Chapter 29 of the County Code that grant a right to appeal from a Commission's decision are § 29–25 (which pertains to licensure of rental facilities) and § 29–64 (which pertains to rent increases). Section 29–25 was recently renumbered and is now § 29–26 and § 29–64 was recently repealed. *See* 2000 L.M.C., ch. 32, § 1. Neither provision is relevant to this appeal.

2. Section 29–14A(d) was renumbered as "§ 29–14(d)" pursuant to 2000 L.M.C., ch. 32, § 1. *See* County Code (1994 & Supp. May 2001), § 29–14 and annotations thereto.

before, that a decision of the Commission may be appealed to the circuit court. Once again, no reference is made to this Court.

Reworded, that section states:

Decisions of a Commission panel are final and may be appealed to the Circuit Court as if they were decisions of the full Commission.

County Code (1994 & Supp. May 2001), § 29–14(d). The failure of the County to amend that section to provide for a right of appeal to this Court is all the more telling when we note that the County has expressly granted such a right to other agencies. *See,* e.g., County Code § 33–15(b) (providing that "[j]udicial review of [Merit System Protection] Board decisions issued hereunder also includes appellate review by the special courts of appeals of Maryland"); § 2–114 (providing that "[a]ny decision of the county board of appeals" may be appealed to the circuit court and thereafter to "the court of appeals") and § 5–306(b) (stating that "[a] person aggrieved by an order of the [Animal Matters Hearing] Board may appeal the order under Section 2A–11"). Indeed, it is more than noteworthy; it is persuasive evidence that the County intentionally omitted the right of appeal to this Court for appeals that fall under § 29–14A(d)(now § 29–14(d)).

Having concluded that § 29–14A(d)(now § 29–14(d)) does not provide a right of appeal to this Court, we next consider whether § 29–45, the section that specifically addresses the right of appeal from a decision of the Commission on a tenant's complaint, provides such a right. That section, by omitting any reference to appellate review by this Court, provides further evidence that the County did not intend to create a second level of appeal in that chapter. It states:

Any person aggrieved by a final action of the commission rendered under this article may appeal to the circuit court for Montgomery County in accordance with the Maryland Rules of Procedure for a review of such actions.

Once again, no reference is made to this Court. Because of that omission, we are persuaded that § 29–45 limits judicial

review of a decision by the Commission regarding a tenant complaint solely to the Circuit Court for Montgomery County. Moreover, § 29–45 was also recently reworded and renumbered by amendment. *See* 2000 L.M.C., ch. 32, § 1. It is now "§ 29–49." *See* County Code (1994 & Supp. May 2001), § 29–49. Like § 29–14A(d), its limited right of appeal to the circuit court was left undisturbed by that amendment. In sum, as neither § 29–14A(d) (now § 29–14(d)) nor § 29–45 (now § 29–49) grants a right to appeal to this Court, we conclude that no right of appeal to this Court is granted by Chapter 29 of the Montgomery County Code.

We next address the question of whether Chapter 2A, the Administrative Procedures Act, enacted after Chapter 29, bestows what Chapter 29 withheld—a right of appeal to this Court. The purpose of that act, among other things, is "to provide where feasible, uniformity in procedures and regulations governing the processing of administrative appeals and other matters which require administrative and/or quasi-administrative hearings." County Code § 2A–1. And the "Judicial review" section of that act, § 2A–11, provides that "[a]ny party aggrieved by a final decision in a case governed by this article," after appealing that decision to the circuit court, "may appeal from [the circuit's] decision to the appellate courts of Maryland."

Notwithstanding its stated goal of creating "uniformity in procedures and regulations," the Administrative Procedures Act was not intended to grant all County agencies access to this Court. Indeed, § 2A–2 of that act declares that Chapter 2A shall apply to the "following appeals and proceedings":

(a) **Complaints and actions** involving discriminatory acts or practices prohibited under Article 1 of Chapter 27, as amended, for which hearings are provided or required by that chapter before the Montgomery County Commission on Human Relations or specified panels of said commission.

(b) **Complaints and actions** arising under Chapter 29, for which hearings are held by the Commission on Landlord–Tenant Affairs.

(c) **Appeals, grievances and complaints** filed pursuant to Chapter 33, as amended, for which hearings are provided or required by that Chapter before the Montgomery County Merit System Protection Board.

(d) **Appeals and petitions** charging error in the grant or denial of any permit or license or from any order of any department or agency of the County government exclusive of variances and special exceptions, appealable to the County Board of Appeals, as set forth in Section 2–112, Article V, Chapter 2, as amended, or the Montgomery County zoning ordinance or any other law, ordinance or regulation providing for an appeal to said board from an adverse governmental action.

(e) **Complaints and actions** filed with or by the Department of Housing and Community Affairs under Section 11–4 when a hearing is required or provided before a cease and desist order is issued.

(f) **Appeals and complaints** filed under Chapter 5, when a hearing is required or allowed by that Chapter before the Animal Matters Hearing Board.

County Code § 2A–2 (emphasis added).

There is plainly no reference to "appeals" in § 2A–2(b) (which covers the Commission) as there is in subsections (c), (d), and (f) (which cover other County agencies). Therefore, appeals from the Commission, unlike appeals from the agencies mentioned in subsections (c), (d), and (f), are not covered by § 2A–2. And because Commission appeals are not covered by § 2A–2, they are not governed by § 2A–11, which only applies to "appeals" covered by that section.

Moreover, a review of the legislative history of the Administrative Procedures Act discloses that § 2A–11 was never intended to apply to appeals from the Commission. In a chart entitled "Abstract Of Bill # 21–77, County Administrative Procedures Act," prepared by the "legislative counsel" for the County Council to illustrate the effect of that 1978 act on four County agencies, including the Commission, counsel for that

body indicated that the Commission would not be "affected" by that provision.

Finally, it appears that whenever the County has wanted to create a right of appeal to this Court, it has done so by first expressly creating such a right in the chapter governing that agency and then adverting to that right in § 2A–2 of the Administrative Procedures Act.  For example, Chapter 33, which governs the Merit Systems Protection Board, expressly grants a right of appeal to the "special courts of appeals of Maryland."  County Code § 33–15(b).  And § 2A–2(c) of the Administrative Procedures Act provides that Chapter 2A shall apply to "[a]ppeals, grievances, and complaints filed pursuant to Chapter 33."  County Code § 2A–2(c)(emphasis added). This approach is reflected in other chapters of the County Code.  *See, e.g.,* § 2–114 and § 5–306(b).

In contrast, Chapter 29, which governs landlord and tenant matters, contains no reference to this Court, and § 2A–2(b), the only section or subsection of the Administrative Procedures Act that addresses proceedings before the Commission, does not even mention "appeals."  We are thus left with little choice but to conclude that there is no right of appeal to this Court in this matter because there is no language in either Chapter 29 or § 2A–2(b) that creates such a right.

**APPEAL DISMISSED.**

**COSTS TO BE PAID BY APPELLANTS.**