778 A.2d 384

**Chander KANT, et al.**

v.

**MONTGOMERY COUNTY, et al.**

**No. 145, Sept. Term, 2000.**

Court of Appeals of Maryland.

Aug. 16, 2001.

Motion for Reconsideration Denied Oct. 9, 2001.

Chander Kant and Ashima Kant, Short Hills, NJ, for petitioners.

Linda B. Thall, Chief Counsel (Charles W. Thompson, Jr., County Atty.), Rockville, for respondents.

Submitted to BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

ELDRIDGE, Judge.

This is an action for judicial review of an adjudicatory administrative decision by the Montgomery County Commission on Landlord–Tenant Affairs. The issue before us is whether the judgment of the Circuit Court for Montgomery County, upholding the administrative decision, was appealable to the Court of Special Appeals. The Court of Special Appeals, initially in an unreported opinion and later in a reported opinion, held that the Circuit Court's judgment was not appealable and dismissed the appeal. *Kant v. Montgomery County,* 139 Md.App. 157, 774 A.2d 1229 (2001). We shall reverse.

The petitioners, Chander and Ashima Kant (hereafter referred to as the landlords), owned a single-family residential property in Montgomery County, Maryland, which they rented to the respondent, Barbara Wetherell (hereafter referred

to as the tenant). Disputes arose between the landlords and the tenant concerning claimed defects in the property. The landlords then sent the tenant a notice to vacate the premises, allegedly because the tenant made "false or incorrect assertion[s] of defects in the property." The tenant responded by filing a complaint with the Office of Landlord–Tenant Affairs of the Montgomery County Department of Housing and Community Development, contending that the landlords' termination of her lease was in retaliation for her complaints about defects in the premises. The Department, after determining that the dispute could not be conciliated, referred the matter to the Commission on Landlord–Tenant Affairs.

At a hearing on May 12, 1998, the Commission heard testimony from the tenant Wetherell, from a neighbor, from a former tenant of the premises, and from three inspectors of the Department of Housing and Community Development. Thereafter, the Commission issued a nineteen page opinion and a final decision in favor of the tenant. As summarized in the reported opinion by the Court of Special Appeals (*Kant v. Montgomery County, supra,* 139 Md.App. at 160, 774 A.2d at 1230),

> "the Commission found that [the landlords] had delivered a defective tenancy to Ms. Wetherell, failed to correct the deficiencies during her tenancy, and retaliated against her when she requested repairs by sending her a notice to quit and vacate; all of which were in violation of Chapter 29, Landlord–Tenant Relations, of the Montgomery County Code. It then concluded that [the landlords'] failure to make the necessary repairs prevented Ms. Wetherell from using the faulty appliances and 'reduc[ed] the value of the leasehold for which [she] was paying rent by 15%.' It further determined that [the landlords] had breached the lease and that the lease agreement was terminated. It then ordered [the landlords] to refund Ms. Wetherell her entire security deposit, plus interest, and pay her $4,502.00 (representing a 15% refund of the reduced value of her leasehold during the defective tenancy, $1,000.00 in attorney's fees, and $982.00 in relocation costs).

"The Commission also found that [the landlords] had engaged in a pattern of retaliatory practices against their tenants and ordered them to refrain from issuing notices to quit and vacate in response to tenant repair requests, to 'submit to the Department for review and approval [for two years] ... all lease agreements, notices to vacate and security deposit dispositions for any and all rental facilities they own, operate or manage in Montgomery County,' and to repair any housing code violations when requested to do so by the Department."

The landlords then filed, in the Circuit Court for Montgomery County, this action seeking judicial review of the Commission's decision. Montgomery County filed a motion in the Circuit Court to intervene as a defendant, and the motion was granted. Following a hearing, the Circuit Court issued an opinion and order affirming the decision of the Commission on Landlord–Tenant Affairs.

The landlords appealed to the Court of Special Appeals, raising several issues relating to the decisions by the Circuit Court and the Commission. No party raised in the Court of Special Appeals any issue concerning the appealability of the Circuit Court's judgment. The Court of Special Appeals, however, *sua sponte* addressed the appealability issue, and, in an unreported opinion filed on April 27, 2001, the appellate court dismissed the appeal for lack of jurisdiction. The court held that, in light of Maryland Code (1974, 1998 Repl.Vol.), § 12–302(a) of the Courts and Judicial Proceedings Article, and the provisions of the Montgomery County Code, the Circuit Court's judgment was not appealable. Montgomery County, an appellee in the Court of Special Appeals, filed a motion for reconsideration, suggesting that the Montgomery County Code did authorize an appeal from the Circuit Court's judgment. The Court of Special Appeals granted the motion for reconsideration and recalled its prior opinion. Nevertheless, in a reported opinion filed on June 29, 2001, the Court of Special Appeals again held that the Circuit Court's judgment was not appealable and dismissed the appeal for lack of

jurisdiction. *Kant v. Montgomery County, supra,* 139 Md. App. 157, 774 A.2d 1229.

The landlords have filed in this Court a petition for a writ of certiorari, presenting seven questions for review. The first question is whether the Court of Special Appeals had jurisdiction to entertain the appeal, and the remaining questions relate to the decisions by the Circuit Court and the Commission. While Montgomery County in its answer does not defend the non-appealability holding by the Court of Special Appeals, the County does argue that the remaining questions raised by the landlords do not warrant certiorari review by this Court.

We have granted the petition for a writ of certiorari on the first question only, *i.e.,* whether the Circuit Court's judgment was appealable. We shall hold that the judgment was appealable, shall summarily reverse the decision by the Court of Special Appeals, and shall remand the case to that court with directions to decide the merits of the appeal.

This Court has emphasized on numerous occasions "that appellate jurisdiction, except as constitutionally authorized, is determined entirely by statute, and that, therefore, a right of appeal must be legislatively granted." *Gisriel v. Ocean City Elections Board,* 345 Md. 477, 485, 693 A.2d 757, 761 (1997), and cases there cited. *See also Prince George's County v. Beretta,* 358 Md. 166, 173–174, 747 A.2d 647, 651 (2000).

Section 12–301 of the Courts and Judicial Proceedings Article of the Maryland Code is the general appeals statute, and it broadly authorizes appeals in civil cases from final judgments by a circuit court. Section 12–301 states:

" § 12–301. **Right of appeal from final judgments-Generally.**

Except as provided in § 12–302 of this subtitle, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a

particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended. In a civil case, a plaintiff who has accepted a remittitur may cross-appeal from the final judgment."

 Other statutory provisions, however, create exceptions to the right of appeal under § 12–301. Of particular significance in the present case is § 12–302(a) of the Courts and Judicial Proceedings Article which provides in pertinent part as follows:

"(a) Unless a right to appeal is expressly granted by law, § 12–301 does not permit an appeal from a final judgment of a court entered or made in the exercise of appellate jurisdiction in reviewing the decision of . . . an administrative agency, or a local legislative body."

Although § 12–302(a) refers to a circuit court exercising "appellate jurisdiction" in reviewing the decision of an administrative agency or local legislative body, the word "appellate" is a misnomer in this context. As we have often pointed out, a circuit court action reviewing the adjudicatory decision of an administrative agency or local legislative body is not an "appeal." Instead, it is an original action for judicial review. The above-quoted language in § 12–302(a), creating an exception to the general appeals statute, "refers to an original circuit court action, authorized by statute, judicially reviewing an adjudicatory decision of an administrative agency or an adjudicatory decision of a local legislative body when it acts in a quasi-judicial capacity." *Prince George's County v. Beretta, supra,* 358 Md. at 175, 747 A.2d at 652. *See, e.g., Board of License Comm. v. Corridor Wine, Inc.,* 361 Md. 403, 414 415, 761 A.2d 916, 921–922 (2000); *Kim v. Comptroller,* 350 Md. 527, 534–535, 714 A.2d 176, 179 (1998); *Driggs Corp. v. Md. Aviation,* 348 Md. 389, 398–399, 704 A.2d 433, 438–439 (1998); *Colao v. County Council,* 346 Md. 342, 359–363, 697 A.2d 96, 104–106 (1997); *Gisriel v. Ocean City Elections Board, supra,* 345 Md. at 490–496, 693 A.2d at 763–767.

Since, under the language of § 12–302(a), the general appeals statute does not authorize an appeal from the Circuit Court's judgment in an action for judicial review of a final decision by the Montgomery County Commission on Landlord Tenant Affairs, the dispositive issue is whether "a right to appeal" from the judgment of the Circuit Court "is expressly granted by" some other law. The parties take the position that the right to appeal is granted by Chapter 2A of the Montgomery County Code which contains the County's Administrative Procedure Act. The Court of Special Appeals, on the other hand, held that Chapter 2A did not grant a right of appeal in this type of case. We agree with the parties.

Chapter 29 of the Montgomery County Code relates to Landlord Tenant Relations, provides for the Commission on Landlord Tenant Affairs as an adjudicatory administrative agency, and sets forth the powers and duties of the Commission. Although various provisions in Chapter 29 expressly authorize actions in the Circuit Court for judicial review of the Commission's decisions in particular areas, no provision of Chapter 29, as it is presently worded, expressly authorizes appeals from the Circuit Court's judgments in such actions.

Chapter 2A of the Montgomery County Code is the County's Administrative Procedure Act. Section 2A–2 of the Chapter delineates the applicability of the Administrative Procedure Act as follows (emphasis added):

"**Sec. 2A–2. Applicability.**

This Chapter governs the following administrative appeals and proceedings and applies whether a hearing is conducted by a hearing examiner or another designated official.

"(a) Complaints and actions involving discriminatory acts or practices prohibited under Article I of Chapter 27, as amended, for which hearings are provided or required by that chapter before the Montgomery County Commission on Human Relations or specified panels of said commission.

*"(b) Complaints and actions arising under Chapter 29, for which hearings are held by the Commission on Landlord–Tenant Affairs.*

"(c) Appeals, grievances and complaints filed pursuant to Chapter 33, as amended, for which hearings are provided or required by that Chapter before the Montgomery County Merit System Protection Board.

"(d) Appeals and petitions charging error in the grant or denial of any permit or license or from any order of any department or agency of the County government exclusive of variances and special exceptions, appealable to the County Board of Appeals, as set forth in Section 2–112, Article V, Chapter 2, as amended, or the Montgomery County zoning ordinance or any other law, ordinance or regulation providing for an appeal to said board from an adverse governmental action.

"(e) Complaints and actions filed with or by the Department of Housing and Community Affairs under Section 11–4 when a hearing is required or provided before a cease and desist order is issued.

"(f) Appeals and complaints filed under Chapter 5, when a hearing is required or allowed by that Chapter before the Animal Matters Hearing Board.

"(g) Such other hearings as hereinafter provided for by law or executive regulations which are specifically designated as being governed hereby. In this regard, the County Executive is hereby authorized to add or delete additional quasi-judicial authorities from time to time by executive regulation adopted under method (2) of section 2A–15 of this Code."

Consequently, any action or proceeding under Chapter 29, where the Commission held a hearing, would plainly appear to be subject to the County's Administrative Procedure Act. It would follow that the present action was subject to the Administrative Procedure Act.

Section 2A–11 of the Montgomery County Administrative Procedure Act states:

**"Sec. 2A–11. Judicial review.**

Any party aggrieved by a final decision in a case governed by this article, whether such decision is affirmative or negative in form, may appeal said decision to the circuit court for Montgomery County, Maryland, in accord with the provisions of the Maryland Rules of Procedure governing administrative appeals. Said court shall have the power to affirm, reverse or modify the decision or remand the case for further proceedings as justice may require. The filing of such appeal shall not stay the order of the hearing authority. Any party to the proceeding in the circuit court may appeal from such decision to the appellate courts of Maryland pursuant to applicable provisions of the Maryland Rules of Procedure."

While the above-quoted provision refers to an "appeal" of the administrative decision to the Circuit Court for Montgomery County, the word "appeal," as previously indicated, is a misnomer. Such actions are original circuit court actions for judicial review. *See, e.g., Gisriel v. Ocean City Elections Board, supra,* 345 Md. at 495 and 494 n. 15, 693 A.2d at 766 (pointing out that judicial opinions and "numerous statutes, both state and local" have "improperly referred to such actions as 'appeals' ").

Accordingly, § 2A–11 authorizes any party aggrieved by a final administrative decision, in a case governed by the Administrative Procedure Act, to bring an action for judicial review in the Circuit Court for Montgomery County. The last sentence of § 2A–11 expressly authorizes an appeal from the Circuit Court's decision in such a case. Thus, § 2A–11 clearly seems to authorize an appeal from the Circuit Court's decision in the present case.

As earlier quoted and discussed, § 2A–2 of the Montgomery County Administrative Procedure Act sets forth the administrative proceedings to which the Act is applicable. Subsections (a) through (f) of § 2A–2 lists six categories of adminis-

trative actions governed by the Act. One of those, subsection (b), includes "[c]omplaints and actions arising under Chapter 29, for which hearings are held by the Commission on Landlord–Tenant Affairs." In fact, three of the six categories designate the administrative actions governed by the Act as "[c]omplaints and actions." The other three categories designate the administrative actions subject to the Act as "(c) [a]ppeals, grievances and complaints," "(d) [a]ppeals and petitions," and "(f) [a]ppeals and complaints. . . ." The Court of Special Appeals in this case held that § 2A–11 of the Montgomery County Administrative Procedure Act did not afford a right of appeal to that Court because "appeals" from the Commission on Landlord–Tenant Affairs to the Circuit court were not governed by § 2A–2 of the Act. The Court of Special Appeals, after quoting § 2A–2, explained (139 Md.App. at 166, 774 A.2d at 1234):

> "There is plainly no reference to 'appeals' in § 2A–2(b) (which covers the Commission) as there is in subsections (c), (d), and (f) (which cover other County agencies). Therefore, appeals from the Commission, unlike appeals from the agencies mentioned in subsections (c), (d), and (f), are not covered by § 2A–2. And because Commission appeals are not covered by § 2A–2, they are not governed by § 2A–11, which only applies to 'appeals' covered by that section."

If subsections (c), (d), and (f) were using the word "appeals" to refer to judicial review actions filed in the Circuit Court, the word would simply mean "actions" which is one of the words used in subsections (a), (b), and (e). Thus, the difference in wording would be of no consequence. Moreover, the words used in the subsections of § 2A–2 appear to refer to the various types of county administrative proceedings and not to judicial review actions filed in the Circuit Court. Finally, it is obvious that the purpose of § 2A–2 is to list all six categories of administrative proceedings governed by the Act, one of which is Chapter 29 proceedings.

Under § 2A–2(b) of the Montgomery County Administrative Procedure Act, the administrative proceeding here involved was governed by the Act. Therefore, § 2A–11 provided for

judicial review in the Circuit Court for Montgomery County and authorized an appeal to the Court of Special Appeals.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO DECIDE THE MERITS OF THE APPEAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO ABIDE THE FINAL RESULT IN THAT COURT.*