*Victoria Gray v. Claire Fenton, et al.*, No. 3478, September Term, 2018.  Opinion by
Fader, C.J.

**ADMINISTRATIVE LAW & PROCEDURE — JUDICIAL REVIEW — RIGHT
TO APPEAL**

Absent statutory authority granting a right of appeal, the Court of Special Appeals has no
appellate jurisdiction over a circuit court's ruling on judicial review of an administrative
decision.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 3478

September Term, 2018

_____

VICTORIA GRAY

v.

CLAIRE FENTON, ET AL.

_____

Fader, C.J.,
Leahy,
Eyler, Deborah S.
        (Senior Judge, Specially Assigned),


JJ.

_____

Opinion by Fader, C.J.

_____

Filed:

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document
is authentic.



Suzanne C. Johnson, Clerk

We are asked to determine whether appellee City of Takoma Park Commission on Landlord-Tenant Affairs (the "Commission") erred in ordering the appellant, Victoria Gray, to reimburse one of her tenants for the collection of fees the Commission determined were improper. Before we can reach that issue, however, we must consider the Commission's motion to dismiss, in which it argues that this Court lacks jurisdiction over Ms. Gray's appeal. We agree with the Commission that we lack jurisdiction and, therefore, we will grant the motion to dismiss.

## BACKGROUND

Appellee Claire Fenton entered a one-year lease to rent an apartment in Takoma Park from Ms. Gray, effective September 1, 2014. The lease was extended on several occasions until it expired in January 2018. Ms. Fenton then occupied the apartment on a month-to-month basis until March 8, 2018. Ms. Fenton's payments for the apartment were allocated as follows:

- "base rent": initially $983 per month, rising to $992 per month beginning June 2017

- "brokerage fee": $175 per month

- "option to purchase fee": $195 per month, paid through November 2016

- "pet fee": $25 per month

The brokerage and option to purchase fees were added through a lease addendum. Ms. Fenton also signed a brokerage agreement that required her to pay the brokerage fee to Black Nor White, LLC, a real estate brokerage company of which Ms. Gray is the sole

shareholder. The brokerage agreement, which was not signed by the broker, identifies Black Nor White as "providing the exclusive listings for available units."

According to Ms. Fenton, she found the apartment listing on Craigslist and neither Black Nor White nor Ms. Gray provided any brokerage services to her before or during her tenancy. When Ms. Fenton questioned whether she needed to continue paying the monthly brokerage fee after the first year of the lease, however, Ms. Gray told her that the apartment "is underpriced if you don't pay the brokerage." Ms. Gray ultimately allowed Ms. Fenton to stop paying the "option to purchase fee" in exchange for Ms. Fenton agreeing to clean common areas of the building.

In January 2018, Ms. Fenton filed a complaint with the Commission in which she alleged that the brokerage and option to purchase fees were charged in violation of the Takoma Park Code. Ms. Fenton requested that the Commission order Ms. Gray to refund the fees. After a hearing, the Commission concluded that both fees were charged illegally. The Commission determined that the brokerage fee was charged illegally for several reasons, including: (1) Ms. Gray was representing herself, not Ms. Fenton, in the transaction; (2) the brokerage agreement was not signed by Ms. Gray; (3) Ms. Gray did not obtain Ms. Fenton's consent to her acting on behalf of both parties to the transaction; and (4) Ms. Gray did not actually provide any brokerage services to Ms. Fenton. The Commission identified two reasons why the option to purchase fee was illegal: (1) it was made mandatory, not optional; and (2) Ms. Gray did not provide a warning mandated by

2

§ 8-202(b) of the Real Property Article. The Commission ordered Ms. Gray to pay

Ms. Fenton $4,265, representing the value of one full year of the payment of each fee.[1]

Ms. Gray sought judicial review of the Commission's decision in the Circuit Court

for Montgomery County. In her memorandum in support of her petition, Ms. Gray

identified two questions presented:

a.    Was the Brokerage Commission Charged by the Petitioner an Illegal
      Fee? [and]

b.    Was the Lease Option Fee Charged by the Petitioner an Illegal Fee?

Ms. Gray asked that the court "reverse and vacate" the Commission's order requiring her

to reimburse Ms. Fenton for the collection of illegal fees. After a hearing, the circuit court

affirmed the Commission's order. Ms. Gray filed a timely notice of appeal.

**DISCUSSION**

"[T]he 'right to an appeal is not a right required by due process of law, nor is it an

inherent or inalienable right.' Rather, '[a]n appellate right is entirely statutory in origin

and no person or agency may prosecute such an appeal unless the right is conferred by

statute.'" *Reese v. Dep't of Health & Mental Hygiene*, 177 Md. App. 102, 144 (2007)

(quoting *Criminal Injuries Comp. Bd. v. Gould*, 273 Md. 486, 500 (1975)).

Under § 12-301 of the Courts and Judicial Proceedings Article (2013 Repl.; 2019

Supp.), parties are afforded a right of appeal "from a final judgment entered by a court in

---

[1] Although Ms. Fenton eventually stopped paying the option to purchase fee, the Commission found that was only because she had agreed to provide cleaning services in lieu of the fee. The Commission thus found that the "cleaning services had a value of $195.00 per month," and imposed a penalty on that basis.

3

the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law."  Section 12-302(a) of the Courts and Judicial Proceedings Article provides such a limitation.  That section denies a right of appeal, unless otherwise "expressly granted by law, . . . from a final judgment of a court entered or made in the exercise of appellate jurisdiction in reviewing the decision of the District Court, an administrative agency, or a local legislative body."

Here, the circuit court's decision was a final judgment made in the exercise of what, for these purposes, was "appellate jurisdiction in reviewing the decision" of the Commission.[2]  Pursuant to § 12-302(a), that decision is not appealable unless an appeal is "expressly granted by law."  *See Prince George's County v. Beretta U.S.A. Corp.*, 358 Md. 166, 176 (2000) (Where "no state or local statute or charter provision expressly grant[s] a right of appeal from the Circuit Court's judgment, § 12-302(a) would clearly seem to preclude an appeal to the Court of Special Appeals.").

---

[2] In *Kant v. Montgomery County*, the Court of Appeals explained:

> Although § 12–302(a) refers to a circuit court exercising "appellate jurisdiction" in reviewing the decision of an administrative agency or local legislative body, the word "appellate" is a misnomer in this context. As we have often pointed out, a circuit court action reviewing the adjudicatory decision of an administrative agency or local legislative body is not an "appeal." Instead, it is an original action for judicial review. The above-quoted language in § 12–302(a), creating an exception to the general appeals statute, "refers to an original circuit court action, authorized by statute, judicially reviewing an adjudicatory decision of an administrative agency or an adjudicatory decision of a local legislative body when it acts in a quasi-judicial capacity."

365 Md. 269, 274 (2001) (quoting *Beretta U.S.A.*, 358 Md. at 175).

Statutory authorization for the circuit court's exercise of judicial review is located in § 6.24.130(B) of the Takoma Park Municipal Code, which provides:

> Appeals. Any person aggrieved by a final opinion and order of the Commission on a complaint or on objections to a decision regarding a fair return rent increase petition may file a petition for judicial review with the Clerk of the Circuit Court of Montgomery County. The procedures for an appeal from the opinion and order of the Commission shall be governed by Title 7, Chapter 200 . . . of the Maryland Rules, as amended.

As Ms. Gray concedes, that ordinance does not provide for any further review beyond the circuit court. Nor does Ms. Gray identify any other statutory authority for her appeal. Instead, she contends that "[t]here are exceptions" to § 12-302(a). She specifically references administrative mandamus and also alludes to common law mandamus. Neither applies here.

Administrative mandamus provides "for judicial review of a quasi-judicial order or action of an administrative agency *where review is not expressly authorized by law.*" Md. Rule 7-401(a) (emphasis added). A Committee Note to Rule 7-401 emphasizes that administrative mandamus is available "only when no other right of appeal is provided by state or local law." *See generally Bijou v. Young-Battle*, 185 Md. App. 268, 288 (2009) (stating that although committee notes are not part of the Rules, "we read the Rules in light of the Committee notes"). Here, Takoma Park Municipal Code § 6.24.130(B) provided such a right of review. Because "there [wa]s already a statutory path for judicial review," *Hughes v. Moyer*, 452 Md. 77, 91 (2017), administrative mandamus was not available.

Moreover, even where applicable, administrative mandamus provides an avenue for a litigant to obtain a circuit court's review of an adjudicatory decision by an administrative

5

body. *City of Annapolis v. Bowen*, 173 Md. App. 522, 534 ("Administrative mandamus is used to secure a circuit court's review of an administrative agency's adjudicatory decision where no agency code or other law provides for such review."), *aff'd in part, rev'd in part on other grounds*, 402 Md. 587 (2007). Administrative mandamus does not authorize this Court's direct review of a decision by an administrative body.

"A common law writ of mandamus is one where the relief sought involves the traditional enforcement of a ministerial act (a legal duty) by recalcitrant public officials." *S. Easton Neighborhood Ass'n v. Town of Easton*, 387 Md. 468, 477 n.3 (2005). Here, Ms. Gray suggests that the Commission failed to perform a non-discretionary duty when it failed to consider and resolve her challenge to the "legality or constitutionality of [a] Takoma Park statute" regulating "who could and could not pay a brokerage fee for leasing services." On that basis, she suggests that we can exercise appellate review of the circuit court's decision not to order the Commission to perform an allegedly non-discretionary duty.

Ms. Gray characterized her petition in the circuit court as one seeking judicial review, not common law mandamus. Notwithstanding that characterization, we may still consider whether her petition was, in substance, one seeking common law mandamus relief. *Gisriel v. Ocean City Bd. of Supervisors of Elections*, 345 Md. 477, 500 (1997). We conclude that Ms. Gray's petition was, in both form and substance, a request for judicial review. Although Ms. Gray argued to the circuit court that the Commission had erred in failing to address her contention that the Takoma Park ordinance was preempted by State

6

law, she did not ask that court to remand the case with an order requiring the Commission to do so. Instead, she asked the circuit court to determine that the fees charged were not illegal and to reverse the Commission's order on the merits. In other words, the relief Ms. Gray sought was not to order the Commission to decide the issue it allegedly failed to resolve, which is the only relief that could have been afforded in a common law mandamus action, but rather for the circuit court to decide the issue itself.

Similarly, Ms. Gray now asks this Court to decide the merits of her underlying challenge. Her two questions presented are:

> 1.      Does a municipality have the authority to regulate brokerage fees without the express authority from the State? [and]
>
> 2.      May a municipality make a law or a determination of law that conflicts with an existing state law?

And the relief she requests from this Court is to decide the substantive issues she raises, not to order the Commission to do so. Thus, the substance of Ms. Gray's action as she has pursued it before the circuit court and this Court is for judicial review, not common law mandamus.

In sum, the statutory authority for Ms. Gray's petition for judicial review to the circuit court does not permit further review in this Court, and she has not identified any other basis for this Court to exercise jurisdiction over her appeal.

> **APPELLEE CITY OF TAKOMA PARK COMMISSION ON LANDLORD-TENANT AFFAIRS'S MOTION TO DISMISS GRANTED. COSTS TO BE PAID BY APPELLANT.**

7